UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN EWALT, STEVE WYLIE, and BONNIE NAVARRE, on behalf of themselves and all others similarly situated, | CASE NO. 2:25-CV-119 |
| | JUDGE |
| Plaintiffs, | |
| v. | |
| | NOTICE OF REMOVAL |
| GATEHOUSE MEDIA OHIO HOLDINGS II, INC., d/b/a THE COLUMBUS DISPATCH, | |
| Defendant. | |

Defendant GateHouse Media Ohio Holdings II, Inc. ("GateHouse") removes this case to the United States District Court for the Southern District of Ohio, Eastern Division. The grounds for removal are as follows:

**REMOVAL IS PROPER BECAUSE
PLAINTIFFS ARE AGAIN ASSERTING CLASS CLAIMS**

1. On September 24, 2019, this case was originally removed from Franklin County Court of Common Pleas Case No. 19CV006859 to this Court under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332 (d) ("CAFA") because the named plaintiffs were citizens of a state different from any defendant, the putative class had more than 100 members, and the amount in controversy exceeded $5,000,000, exclusive of interest and costs. The removed case was styled: *John Ewalt, et al., v. GateHouse Media Ohio Holdings II, Inc., et al.*, Case No. 2:19-cv-04262 ("*Ewalt I*").

2. The *Ewalt I* case was litigated for years (including voluminous document discovery, depositions, and expert testimony), and involved a First Amended Complaint (ECF

No. 42) and Second Amended Complaint (ECF No. 181 (under seal); ECF No. 201-1, public version with redactions). A copy of the public version with redactions of the Second Amended Complaint is attached as Exhibit A, and a copy of GateHouse's Answer to the Second Amended Complaint, *Ewalt I*, ECF No. 223 is attached as Exhibit B).

3. On March 26, 2024, this Court issued an opinion and order denying Plaintiffs' motion for class certification and declining to exercise supplemental jurisdiction over the individual state-law claims because there were no pending class claims. (Opinion and Order denying class certification (the "Order"), *Ewalt I*, ECF No. 266, PageID # 19287-88, attached as Exhibit C.)

4. On May 7, 2024, Plaintiffs advised the Court that they elected not to appeal the March 26, 2024 Order and requested that the Court certify the Order, which would result in the remaining individual state-law claims being remanded to the Franklin County Court of Common Pleas. (*Ewalt I*, ECF No. 270, attached as Exhibit D.)

5. On May 9, 2024, this Court directed the Clerk to certify the March 26, 2024 Order and remand the case. (Order granting motion to certify copy of order to Franklin County Court of Common Pleas, *Ewalt I*, ECF No. 271, attached as Exhibit E.)

6. After the case was remanded, Plaintiffs did not take any further action in state court until January 24, 2025, when—without amending their complaint—Plaintiffs filed a new motion for class certification. (A copy of the January 24, 2025 Motion for Class Certification is attached as Exhibit F.) As a result, jurisdiction is again proper in this Court under CAFA.

**THIS COURT HAS SUBJECT-MATTER JURISDICTION**

7. CAFA grants district courts original jurisdiction over civil actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant (referred to as minimal diversity), the putative class has more than 100

2

members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

## Minimal Diversity Exists

8. Named plaintiffs Ewalt, Wylie, and Navarre are citizens of Ohio. (*See*, *e.g.*, *Ewalt I*, ECF No. 201-1 at ¶ 10.)

9. GateHouse is a corporation. For purposes of diversity jurisdiction, a corporation is "a citizen of any State by which it has been incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[T]he phrase 'principal place of business' refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). "[I]t should normally be where the corporation maintains its headquarters." *Id.* at 93.

10. GateHouse is incorporated under the laws of the State of Delaware with its principal place of business in the State of New York. In addition, the company has its headquarters in New York City and Pittsford, New York. GateHouse's Senior Vice President, Chief Legal Officer, and Secretary and one of its three directors works in Pittsford, New York. Its Chief Financial Officer and Treasurer and the second of its three directors works in New York City. And its Chief Executive Officer and President and the third of its three directors works in both Pittsford and New York City. Thus, the company's high level officers are all located in New York. So for purposes of diversity jurisdiction, GateHouse is a citizen of Delaware and New York.

11. Minimal diversity exists in this action because Plaintiffs are citizens of Ohio, and GateHouse is a citizen of Delaware and New York.

### There Is Jurisdiction Under the Second Amended Complaint

12. Plaintiffs' Second Amended Complaint ("Complaint") continues to be the operative complaint, and CAFA jurisdiction is proper under that Complaint.

13. The Complaint purports to bring this case on behalf of the following proposed class:

> All persons who purchased a subscription for delivery of *The Columbus Dispatch* and had the length of the subscription shortened based on charges for one or more premium editions.

[*Ewalt I*, ECF No. 201-1, ¶ 144.]

14. There are more than 100 potential members in this proposed class. In fact, Plaintiffs' Complaint alleges that "there are tens of thousands of class members." (*Id*. ¶ 150.)

15. The amount-in-controversy threshold is also met. A notice of removal "need include only a plausible allegation" that CAFA's $5 million amount in controversy threshold is satisfied. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 554 (2014). It "need not contain evidentiary submissions." *Id.* at 551.

16. During the class-certification hearing in *Ewalt I*, Plaintiffs' counsel asserted that GateHouse "extract[ed] millions of dollars every year which turned into tens of millions of dollars during the class period." (*Ewalt I*, ECF No. 256-1, p. 7, excerpts attached as Exhibit G.)

17. Later, in response to a question about how much GateHouse made from the premium editions, Plaintiffs' counsel stated that "[w]e believe I think it was over $30 million . . . during the class period." (*Id.* p. 9.)

18. Based on these allegations, the amount in controversy is more than $5 million in compensatory damages in the aggregate.

19. GateHouse denies Plaintiffs' claims of wrongdoing, denies that class certification is proper, and maintains that neither Plaintiffs nor any of the proposed class members have a

4

viable claim or have suffered any actual damages in this case. In addition, GateHouse does not concede that Plaintiffs' revenue figures are accurate. Rather, GateHouse cites them because they establish Plaintiffs' contention regarding the amount in controversy.

20. In their Complaint, Plaintiffs also request punitive damages (Demand for Relief ¶ H) and their attorneys' fees (Demand for Relief ¶ I). These requests increase the amount in controversy.

21. While the Court previously remanded this matter due to the lack of class claims (*see* Exhibit C, *Ewalt I*, ECF No. 266, PageID # 19287-88), Plaintiffs are again asserting class claims, so jurisdiction is proper under CAFA.

**There Is Also Jurisdiction Under Plaintiffs' 2025 Motion for Class Certification**

22. In their 2025 motion for class certification, Plaintiffs propose three classes:

Class 1: All persons who purchased a subscription for delivery of the *The Columbus Dispatch* prior to June 15, 2015; signed up for EZ-pay prior to June 15, 2015, and continued to use EZ-Pay through October 21, 2018; and had the length of their subscription shortened based on charges for the premium editions issued between January 13, 2018, and October 21, 2018, as listed in Appendix 1 [to the motion].

Class 2: All persons who purchased a subscription for delivery of the *The Columbus Dispatch* prior to June 15, 2015; signed up for EZ-pay prior to June 15, 2015, and continued to use EZ-Pay through June 2, 2019; and had the length of their subscription shortened based on charges for the premium editions issued between November 18, 2018, and June 2, 2019, as listed in Appendix 1.

Class 3: All persons who purchased a subscription for delivery of the *The Columbus Dispatch* prior to June 15, 2015; signed up for EZ-pay prior to June 15, 2015, and continued to use EZ-Pay through July 28, 2019; and had the length of their subscription shortened based on charges for the premium editions issued on June 30, 2019, and July 28, 2019, as listed in Appendix 1.

[Exhibit F, Motion pp. 1-2.]

23. Upon information and belief, there are more than 100 members of these proposed classes. In fact, Plaintiffs' 2025 motion for class certification alleges that these proposed classes "contain tens of thousands of members." (Exhibit F, Memorandum in Support p. 3.)

24. CAFA's amount-in-controversy threshold is also met. Plaintiffs' motion asserts that "on a class-wide basis, these [premium-edition] charges added up to millions of dollars in revenue each year." (Exhibit F, Memorandum in Support p. 2.) In addition, the 24 premium editions Plaintiffs identified in the appendix to their motion generated revenue of over $9 million. Thus, the amount in controversy is over $5 million, even before including Plaintiffs' requests for punitive damages and attorneys' fees, which increase the amount in controversy.

## REMOVAL IS PROPER

25. Because this Notice of Removal is filed within 30 days of January 24, 2025, it is timely made pursuant to 28 U.S.C. §§ 1332(d), 1446(b), and 1453.

26. Under 28 U.S.C. § 115(b)(2), the United States District Court for the Southern District of Ohio, Eastern Division, is the district court for the district embracing Franklin County, where the state court action is pending. Removal to this Court is therefore proper under 28 U.S.C. § 1446(a).

27. Because this is the same case previously before this Court without even an amended Complaint, the case is related to the previously removed action..

28. Promptly after filing the Notice of Removal, GateHouse will give written notice of the removal to all parties and will file a notice in the Franklin County Court of Common Pleas.

29. GateHouse has attached hereto a copy of the docket from the Franklin County Court of Common Pleas as Exhibit H and a copy of all process, pleadings, and orders served upon it in the Franklin County Court of Common Pleas as Exhibit I.

WHEREFORE, GateHouse respectfully requests that the action pending against it in the Franklin County, Ohio, Court of Common Pleas be removed to this Court.

Dated: February 7, 2025

Respectfully submitted,

/s/ *Michael J. Zbiegien Jr.*
Michael J. Zbiegien, Jr. (0078352) – Trial Attorney
*mzbiegien@taftlaw.com*
Lynn Rowe Larsen (0055824)
*llarsen@taftlaw.com*
Daniel H. Bryan (0095309)
*dbryan@taftlaw.com*
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, OH  44114-2302
Telephone:  216-241-2838
Facsimile:  216-241-3707

James D. Abrams (0075968)
*jabrams@taftlaw.com*
Taft Stettinius & Hollister LLP
65 East State Street, Suite 1000
Columbus, Ohio 43215
Telephone: 614-221-2838
Facsimile: 614-221-2007

*Attorneys for Defendant
GateHouse Media Ohio Holdings II, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2025, the foregoing was served by electronic mail upon the following:

Todd H. Neuman
*neuman@aksnlaw.com*
Rick L. Ashton
*ashton@asnfa.com*
Jeffrey R. Corcoran
*corcoran@asnfa.com*
Tom Shafirstein
*shafirstein@asnfa.com*
Allen Stovall Neuman Fisher & Ashton LLP
17 South High Street, Suite 1220
Columbus, OH 43215

*Attorneys for Plaintiffs*

            */s/ Michael J. Zbiegien Jr.*
            Michael J. Zbiegien, Jr. (0078352)

171190994